IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND; And CHARLES A. WHOBREY, as Trustee,<br><br>*Plaintiffs*,<br><br>v.<br><br>JERI HOMAN, an individual,<br><br>*Defendant*. | Case No. 21-cv-3327<br><br>Judge<br><br>Magistrate Judge |

## COMPLAINT

Plaintiffs, Central States, Southeast and Southwest Areas Pension Fund and Charles A. Whobrey, one of the Fund's present trustees, for causes of action against Defendant, allege as follows:

### Jurisdiction and Venue

1. This is an action to recover an overpayment of pension benefits in the amount of $40,205.00 to Defendant Jeri Homan. Plaintiffs seek relief under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132(a)(2) and (3), and also bring a federal common law claim for unjust enrichment and a common law claim for fraud.

2. This Court has jurisdiction over this action under 29 U.S.C. §§ 1132(e)(1) and 1132(f) and 28 U.S.C. §§ 1331 and 1367.

3. Venue is proper in this Court under 29 U.S.C. § 1132(e)(2) because an action under Title I of ERISA may be brought in the district court where a plan is administered—in this case, the Northern District of Illinois. Venue is also proper in this Court pursuant to 28 U.S.C. §

1391(b)(2), because a substantial part of the events, acts or omissions giving rise to the asserted claims occurred in this District.

## Parties

4. Central States, Southeast and Southwest Areas Pension Fund (the "Fund") is an employee pension benefit plan as that term is defined in 29 U.S.C. § 1002(2) and is administered from its principal and exclusive offices located in Chicago, Cook County, Illinois.

5. The Fund is primarily funded by contributions remitted by multiple participating employers pursuant to negotiated collective bargaining agreements with local unions affiliated with the International Brotherhood of Teamsters ("IBT"). All principal and income from such contributions and investments thereof is held and used for the exclusive purpose of providing pension benefits to the Fund's participants and beneficiaries and paying the Fund's administrative expenses.

6. Plaintiff Charles A. Whobrey is a trustee and a fiduciary of the Fund as defined in 29 U.S.C. § 1002(21). Pursuant to 29 U.S.C. §§ 1132(a)(2) and (3), Mr. Whobrey is authorized to bring this action on behalf of the Fund in his capacity as trustee and fiduciary.

7. Linda Worsham ("Linda") is a deceased individual who passed away on July 10, 2012. Prior to her death, she was a participant in the Fund within the meaning of 29 U.S.C. § 1002(7).

8. Defendant Jeri Homan ("Jeri") is an individual who resides in the State of Indiana. At all times relevant to this Complaint, Jeri was Linda's daughter.

## Relevant Plan Provisions

9. The Fund is administered by its Board of Trustees under the terms of a Trust Agreement and a Plan Document.

10. Pursuant to Article IV of the Trust Agreement, the Trustees are vested with the sole discretionary authority to administer the Fund, to resolve claims for benefits by participants and beneficiaries, and to interpret and construe the terms of its Trust Agreement and Plan Document (which interpretations are binding on all parties).

11. Pursuant to the authority granted to the Trustees by the Trust Agreement, they have established a Plan Document. A copy of the Plan Document is attached hereto as Exhibit A.

12. The Trustees' discretionary authority to administer the Fund and to bind those claiming benefits from the Fund is mirrored in Article VII of the Plan Document, which also grants and reiterates the powers outlined in the Trust Agreement.

13. Article VII, Section 7.05 of the Plan Document provides:

RECOVERY OF OVERPAYMENTS

(a) Any misrepresentation in a claim by a claimant to the Pension Fund for pension or other benefits…shall constitute grounds for adjustment of the claim and of the requested benefit, for recovery by the Pension Fund of any benefit payments in reliance upon said misrepresentation and for any other equitable or legal remedies available to the Pension Fund.

(b) Whenever the Pension Fund has made benefit payments exceeding the amount determined by the provisions of its Pension Plan, due to a mistake, the Board of Trustees shall have the right to recover the excess payments.

Exhibit A, p. 70.

## Factual Background

14. For the period of August 2012 through March 2016, the Fund mailed Linda's monthly pension benefit checks in the amount of $467.50 to an address designated by Linda.

15. In February 2016, someone purporting to be Linda submitted an EFT authorization to the Fund indicating that all future pension benefits should be directly deposited into an account allegedly designated by Linda at Green Dot Bank (the "Green Dot Account").

16. As a result, for the period of April 2016 through July 2019 the Fund directly deposited monthly pension benefits in the amount of $467.50 on behalf of Linda into the Green Dot Account.

17. Upon information and belief, for all relevant periods of time, the Green Dot Account was jointly held by Jeri and Linda or Jeri otherwise had access to the Green Dot Account.

18. For the period of August 2019 through September 2019, the Fund issued a check in the amount of $935.00, sent at the direction of an individual purporting to be Linda. This check was subsequently deposited.

19. Linda died on July 10, 2012.

20. Upon her death, Linda's rights to the monthly pension benefits ceased and the Fund's obligation to remit the monthly pension benefits terminated.

21. For the period after Linda's death through September 5, 2019, the Fund had not received notice of Linda's death and had no knowledge that she had died.

22. For the period of August 2012 through September 2019, the Fund continued to either mail pension checks to Linda's address or directly deposit the monthly pension benefits into the Green Dot Account.

23. As a result, for the period of August 2012 through September 2019, the Fund overpaid the monthly pension benefits in the total amount of $40,205.00.

24. After Linda's death on July 10, 2012, neither she nor any other beneficiary was entitled to receive any further pension benefits.

25. For all relevant periods, Jeri knew that Linda was deceased as of July 10, 2012.

26. For all relevant periods, Jeri knew that the Fund continued to mail pension checks to Linda and/or electronically deposit Linda's monthly pension benefit into the Green Dot Account.

27. For all relevant periods, Jeri fraudulently concealed the material fact of Linda's death from the Fund.

28. As a result of her failure to notify the Fund of Linda's death, Jeri received an overpayment in the total amount of $40,205.00 that was either mailed to Linda's prior address or electronically deposited into the Green Dot Account by the Fund.

## COUNT I

### Breach of Fiduciary Duty Under ERISA, 29 U.S.C. § 1132(a)(2)

29. The allegations made in paragraphs 1 through 28 are realleged and restated herein by reference.

30. Jeri is in possession of assets, which in equity and good conscience are property of the Fund, which is an ERISA-regulated employee pension benefit plan. Thus, Jeri is a fiduciary of the Fund, and as a result, owes an obligation under 29 U.S.C. § 1104 to discharge her fiduciary duties to the Fund regarding those assets, to hold said assets in constructive trust for the Fund and to reimburse the full amount of said assets to the Fund upon demand.

31. Notwithstanding the fact that the Fund has demanded repayment of its assets (consisting of the overpayments in the amount of $40,205.00), Jeri has refused to reimburse the Fund said assets. As a result, Jeri has violated her duties under 29 U.S.C. § 1104 and is liable to the Fund for the breach pursuant to 29 U.S.C. § 1109.

**WHEREFORE**, the Plaintiffs request the following relief in their favor and against Jeri:

    (a)    A judgment against Jeri in favor of Plaintiffs pursuant to 29 U.S.C. § 1132(a)(2) for violation of 29 U.S.C. § 1109 in the amount of $40,205.00;

    (b)    An award to the Plaintiffs of their attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g); and

    (c)    All other just and appropriate relief.

## COUNT II

### Breach of Fiduciary Duty Under ERISA, 29 U.S.C. § 1132(a)(3)

32.    The allegations made in paragraphs 1 through 31 are realleged and restated herein by reference.

33.    Jeri is in possession of assets, which in equity and good conscience are property of the Fund, which is an ERISA-regulated employee pension benefit plan. Thus, Jeri is a fiduciary of the Fund, and as a result, owes an obligation under 29 U.S.C. § 1104 to discharge her fiduciary duties to the Fund regarding those assets, and to hold said assets in constructive trust for the Fund and to reimburse the full amount of said assets to the Fund upon demand.

34.    Notwithstanding the fact that the Fund has demanded repayment of its assets (consisting of the overpayments in the amount of $40,205.00), Jeri has refused to reimburse the Fund said assets. As a result, Jeri has violated her duties under 29 U.S.C. § 1104 and is liable to the Fund for the breach pursuant to 29 U.S.C. § 1109.

**WHEREFORE**, the Plaintiffs request the following equitable relief in their favor and against Jeri:

    (a)    Equitable relief pursuant to 29 U.S.C. § 1132(a)(3) for violation of 29 U.S.C. § 1109 in the form of an injunction requiring reimbursement by Jeri to Plaintiffs in the amount of $40,205.00;

(b) An award to the Plaintiffs of their attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g);

(c) That Jeri be further enjoined from disposing of any monies held as a fiduciary for the Plaintiffs and from comingling said monies with any of Jeri's other assets until such time reimbursement to the Plaintiffs is made in full;

(d) That this Court retain jurisdiction to enforce the equitable remedy sought by Plaintiffs, for such period of time as required, until Jeri reimburses Plaintiffs the amount of $40,205.00; and

(e) All other just and appropriate relief.

## COUNT III

### Equitable Lien and Constructive Trust Under 29 U.S.C. § 1132(a)(3)

35. The allegations made in paragraphs 1 through 34 are realleged and restated herein by reference.

36. Jeri is in possession of the Fund's assets and, pursuant to Article VII, Section 7.05 of the Plan Document, the Fund asserts an equitable lien on the overpayments described herein.

37. Equitable liens in favor of the Fund may be enforced by a constructive trust upon wrongfully withheld assets in the constructive possession of Jeri, with the constructive trust to continue until full reimbursement is made to the Fund.

38. Jeri is required to hold said assets in constructive trust for the benefit of the Fund and not dispose of the assets until the Fund's equitable lien has been satisfied.

**WHEREFORE**, the Plaintiffs request the following equitable relief in their favor and against Jeri:

(a) Equitable relief under 29 U.S.C. § 1132(a)(3) in the form of an equitable lien in the amount of $40,205.00 upon the overpayments held by Jeri, which Jeri is obligated to reimburse to the Fund pursuant to the reimbursement provisions of the Fund's Plan Document, and the imposition of a constructive trust to enforce the Fund's equitable lien;

(b) Equitable relief pursuant to 29 U.S.C. § 1132(a)(3) in the form of an injunction requiring reimbursement by Jeri to Plaintiffs in the amount of $40,205.00;

(c) That Jeri be further enjoined from disposing of any monies thus held in constructive trust for the Plaintiffs and from comingling said monies held therein with any of Jeri's other assets until such time reimbursement to the Plaintiffs is made in full;

(d) That this Court retain jurisdiction to enforce the equitable remedy sought by Plaintiffs, for such period of time as required, until Jeri reimburses Plaintiffs the amount of $40,205.00;

(e) An award to the Plaintiffs of their attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g); and

(f) All other just and appropriate relief.

## COUNT IV

### Common Law Fraud

39. The allegations made in paragraphs 1 through 38 are realleged and restated herein by reference.

40. During the period of August 2012 through September 2019, Jeri wrongfully engaged and participated in a prohibited transaction by securing assets in the form of monthly pension benefits from the Fund for an ineligible person after the death of Linda and initiated these

acts when she wrongfully, negligently and/or fraudulently failed to notify the Fund of the death of Linda.

41. Jeri concealed the material fact that Linda died on July 10, 2012.

42. Upon information and belief, Jeri forged documents and impersonated Linda in telephone conversations with the Fund to entice the Fund to continue payment of the pension benefits.

43. The concealment of the death of Linda and the forgery and impersonation attempts were intended to induce the false belief by the Fund that Linda was still alive.

44. The Fund could not have discovered the fact that Linda was deceased through a reasonable inquiry or inspection and relied upon the acts of Jeri as a representation of the fact that Linda was still living.

45. If the Fund had been aware that Linda had passed away on July 10, 2012, the Fund would have immediately terminated payment of the pension benefits, and would not have allowed the electronic deposit of the monthly pension benefits in the Green Dot Account.

46. The Fund's reliance upon Jeri's acts and representations resulted in injury to the Fund and Jeri received the amount of $40,205.00 in pension benefits to which she was not otherwise entitled.

47. Consequently, during the period of August 2012 through September 2019, Jeri committed the tort of fraudulent concealment against the Fund.

48. The Fund suffered damages as a direct and proximate result of Jeri's fraudulent misrepresentations and concealment of material facts, in that it paid pension benefits during the period of August 2012 through September 2019; payments to which Jeri was not entitled since she was not eligible for any pension benefit payments subsequent to Linda's death.

**WHEREFORE**, the Plaintiffs request the following relief in their favor and against Jeri:

(a) A judgment in favor of the Plaintiffs and against Jeri in the amount of $40,205.00.

(b) An award of attorneys' fees and costs; and

(c) All other just and appropriate relief.

Respectfully submitted,

 */s/ Rebecca K. McMahon*
Rebecca K. McMahon (ARDC #6290192)
CENTRAL STATES FUNDS
Law Department
8647 W. Higgins Road, 8th Floor
Chicago, Illinois 60631
847-939-2477
rmcmahon@centralstatesfunds.org

June 22, 2021

*ATTORNEY FOR PLAINTIFFS*