IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND; And CHARLES A. WHOBREY, as Trustee, <br><br> *Plaintiffs*, <br><br> v. <br><br> SUSAN WOODRUFF, an individual, <br><br> *Defendant*. | Case No. 21-cv-3327 <br><br> Judge Thomas M. Durkin <br><br> Magistrate Judge Jeffrey Cummings |

**PLAINTIFFS' MOTION FOR
DEFAULT JUDGMENT**

NOW COME Plaintiffs, Central States, Southeast and Southwest Areas Pension Fund (the "Pension Fund") and Charles A. Whobrey, one of the Pension Fund's present trustees (together with the Pension Fund, "Central States"), and move this Court for default judgment against Defendant Susan Woodruff ("Susan") pursuant to Rule 55(b) of the Federal Rules of Civil Procedure. In support of this motion, Plaintiffs state as follows:

**Background Information**

**A.      Introduction.**

1.      On June 22, 2021, Central States filed this lawsuit to recover overpayments of pension benefits in the total amount of $40,205.00 from Susan. Central States sought relief under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132(a)(2) and (3), and also brought a federal common law claim for unjust enrichment and a common law claim for fraud.

**B.     Jurisdiction and Venue.**

2.     This Court has jurisdiction over this action under 29 U.S.C. §§ 1132(e)(1) and 1132(f) and 28 U.S.C. §§ 1331 and 1367.

3.     The Pension Fund is an employee pension benefit plan (as that term is defined in 29 U.S.C. § 1002(2)) and is administered from its principal and exclusive offices located in Chicago, Cook County, Illinois. (Filing No. 8, at CM/ECF, ¶ 4; paragraph 3 of Affidavit of Fernando Rodriguez (hereinafter, "Rodriguez Affidavit ¶ __"), attached hereto as Exhibit A).[1] Pursuant to 29 U.S.C. § 1132(e)(2), an action under Title I of ERISA may be brought in the district court where the plan is administered. Accordingly, venue is proper in this Court.

4.     Plaintiff Charles A. Whobrey is a present trustee and a fiduciary of the Pension Fund as defined in 29 U.S.C. § 1002(21). (Rodriguez Affidavit ¶ 4.) Pursuant to 29 U.S.C. §§ 1132(a)(2) and (3), Charles A. Whobrey is authorized to bring this action on behalf of the Pension Fund in his capacity as trustee and fiduciary.

**C.     The Overpayment of Pension Benefits Received by Susan.**

5.     The Pension Fund is primarily funded by contributions remitted by multiple participating employers pursuant to negotiated collective bargaining agreements with local unions affiliated with the International Brotherhood of Teamsters ("IBT"). (Filing No. 8, at CM/ECF, ¶ 5; Rodriguez Affidavit ¶ 5). All principal and income from such contributions and investments thereof is held and used for the exclusive purpose of providing pension benefits to the Pension

---

[1] For purposes of a motion for entry of default and default judgment, when a party fails to answer or appear, an entry of default and default judgment is appropriate, and all factual allegations of the complaint are taken as true, except those relating to the amount of damages. *See* Fed R. Civ. P. 55(a); *Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012).

Fund's participants and beneficiaries and paying the Pension Fund's administrative expenses. (Filing No. 8, at CM/ECF, ¶ 5; Rodriguez Affidavit ¶ 5).

6. Non-party Linda Worsham is a deceased individual who was the surviving spouse of a participant of the Pension Fund within the meaning of 29 U.S.C. § 1002(7). (Filing No. 8, at CM/ECF, ¶ 7; Rodriguez Affidavit ¶ 8).

7. Linda Worsham passed away on July 10, 2012. (Filing No. 8, at CM/ECF, ¶ 19; Rodriguez Affidavit ¶ 10).

8. After Linda Worsham's death, the Pension Fund continued to mail monthly pension benefits via checks in the amount of $467.50 to the address provided by Linda Worsham prior to her death for the period of August 2012 through March 2016. (Filing No. 8, at CM/ECF, ¶ 14; Rodriguez Affidavit ¶ 13).

9. In February 2016, someone purporting to be Linda Worsham submitted an EFT authorization to the Pension Fund indicating that all future pension benefits should be directly deposited into an account allegedly designated by Linda Worsham at Green Dot Bank (the "Green Dot Account"). (Filing No. 8, at CM/ECF, ¶ 15; Rodriguez Affidavit ¶ 14).

10. As a result, for the period of April 2016 through July 2019 the Pension Fund directly deposited monthly pension benefits in the amount of $467.50 on behalf of Linda Worsham into the Green Dot Account. (Filing No. 8, at CM/ECF, ¶ 16; Rodriguez Affidavit ¶ 15).

11. Upon information and belief, for all relevant periods of time, the Green Dot Account was jointly held by Susan and Linda or Susan otherwise had access to the Green Dot Account. (Filing No. 8, at CM/ECF, ¶ 17; Rodriguez Affidavit ¶ 16).

12. On August 28, 2019, the Pension Fund issued a check in the amount of $935.00, sent at the direction of an individual purporting to be Linda Worsham. This check was subsequently deposited. (Filing No. 8, at CM/ECF, ¶ 18; Rodriguez Affidavit ¶ 17).

13. Upon her death, Linda Worsham's rights to the monthly pension benefits ceased, and the Pension Fund's obligation to remit the monthly pension benefits terminated. (Filing No. 8, at CM/ECF, ¶ 20; Rodriguez Affidavit ¶ 11). As such, neither Linda Worsham nor any other beneficiary was entitled to receive any further pension benefits after her death. (Filing No. 8, at CM/ECF, ¶ 24; Rodriguez Affidavit ¶ 11).

14. However, during the period after Linda Worsham's through September 2019, the Pension Fund did not receive notice of Linda Worsham's death and had no knowledge that she had died. (Filing No. 8, at CM/ECF, ¶ 21; Rodriguez Affidavit ¶ 12).

15. Consequently, during the period of August 2012 through September 2019, the Pension Fund continued to remit the monthly pension benefits to someone purporting to be Linda Worsham. (Filing No. 8, at CM/ECF, ¶ 23; Rodriguez Affidavit ¶ 18). This resulted in an overpayment of pension benefits in the total amount of $40,205.00. (Filing No. 8, at CM/ECF, ¶ 23; Rodriguez Affidavit ¶ 18).

16. Additionally, for all relevant periods of time, Susan knew that Linda Worsham was deceased as of July 10, 2012. (Filing No. 8, at CM/ECF, ¶ 25). Susan also knew that the Pension Fund continued to remit the monthly pension benefit via check or direct deposit. (Filing No. 8, at CM/ECF, ¶ 26). Instead of notifying the Pension Fund, Susan concealed the material fact of Linda Worsham's death from the Pension Fund. (Filing No. 8, at CM/ECF, ¶ 27).

17. As a result of her failure to notify the Pension Fund of Linda Worsham's death, Susan improperly received the overpayment of pension benefits in the total amount of $40,205.00 from the Pension Fund. (Filing No. 8, at CM/ECF, ¶ 28).

18. Notwithstanding the fact that the Pension Fund has demanded repayment of the overpayment of pension benefits in the amount of $40,205.00, Susan has refused to repay the Pension Fund any amount. (Filing No. 8, at CM/ECF, ¶ 31; Rodriguez Affidavit ¶ 19).

19. Article VII, Section 7.05 of the Pension Fund's Plan Document provides:

RECOVERY OF OVERPAYMENTS

(a) Any misrepresentation in a claim by a claimant to the Pension Fund for pension or other benefits . . . shall constitute grounds for adjustment of the claim and of the requested benefit, for recovery by the Pension Fund of any benefit payments in reliance upon said misrepresentation and for any other equitable or legal remedies available to the Pension Fund.

(b) Whenever the Pension Fund has made benefit payments exceeding the amount determined by the provisions of its Pension Plan, due to a mistake, the Board of Trustees shall have the right to recover the excess payments.

(Filing No. 8, at CM/ECF, ¶ 13; Rodriguez Affidavit ¶ 20).

**D.  Service of the Summons and the Complaint.**

20. On July 22, 2021, Susan was personally served with a copy of the Summons and Complaint. (Filing No. 9, at CM/ECF).

21. Under Rule 12(a)(1)(A)(i) of the Federal Rules of Civil Procedure, Susan was required to file an answer or other responsive pleading to the Complaint on or before July 16, 2021.

22. Susan failed to file an answer or other responsive pleading to the Complaint. Therefore, this Court entered a default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure on October 22, 2021. (Filing No. 14, at CM/ECF).

**Request for Default Judgment**

23. As demonstrated above, Susan is in possession of $40,205.00 in overpaid pension benefits, which in equity and good conscience are property of the Pension Fund. Thus, Susan is a fiduciary of the Pension Fund and, as a result, owes an obligation under 29 U.S.C. § 1104 to discharge her fiduciary duties to the Pension Fund regarding those assets, to hold the assets in constructive trust for the Pension Fund and to reimburse the full amount of the assets to the Pension Fund upon demand. By failing to repay the $40,205.00 in overpaid pension benefits, Susan has breached her fiduciary duties to the Pension Fund. Therefore, pursuant to 29 U.S.C. §§ 1132(a)(2) and 1109, Susan is personally liable to Central States for the $40,205.00 in overpaid pension benefits, and Central States is entitled to a judgment against her for the same in the amount of $40,205.00.

24. Additionally, under 29 U.S.C. § 1132(a)(3), Central States is entitled to equitable relief to enforce the reimbursement and recovery of overpayments terms of the Pension Fund's Plan Document cited above. Under these terms, Central States is entitled to full reimbursement of the $40,205.00 in overpayment of pension benefits mistakenly remitted after Linda Worsham's death (during the period of August 2012 through September 2019) and to which neither Linda Worsham nor Susan was entitled. Therefore, pursuant to 29 U.S.C. § 1132(a)(3), Central States is entitled to equitable relief in the form of: (1) an equitable lien upon the funds held by Susan, in an identifiable amount of $40,205.00, which amount represents Central States' unreimbursed overpayments of pension benefits received by Susan; (2) the imposition of a constructive trust upon the funds held by Susan, in an identifiable amount of $40,205.00, to enforce the Pension Fund's equitable lien; (3) an order enjoining Susan from disposing of any monies held in

constructive trust for Central States and from comingling said monies with any of Susan's other assets until reimbursement to Central States is made in full; and (4) an injunction requiring Susan to reimburse Central States in an amount sufficient to satisfy Central States' equitable lien in the total amount of $40,205.00.

25. Based on the foregoing, Central States requests that this Court find Susan to be in default and enter a default judgment in favor of Central States and against Susan pursuant to Rules 55(a) and (b) of the Federal Rules of Civil Procedure. Central States has attached a copy of the proposed judgment order as Exhibit B hereto, and will also submit a copy of that order to the Court's proposed orders email address.

26. Pursuant to section 502(g)(1) of ERISA, 29 U.S.C. § 1132(g)(1), Central States requests that Susan Cochran be required to pay all reasonable attorneys' fees and costs incurred in connection with this case. Accordingly, Central States requests attorneys' fees in the total amount of $1,008.00 and costs in the total amount of $569.20. (See paragraphs 2-8 of Affidavit of Rebecca K. McMahon which is attached hereto as Exhibit C.)

**WHEREFORE**, Central States requests the following relief:

(a) That a default judgment be entered in favor of Central States and against Susan Woodruff in the total amount of $41,782.20. This total amount consists of: (i) overpaid pension benefits in the principal amount of $40,205.00; (ii) attorneys' fees in the amount of $1,008.00; and (iii) costs in the amount of $569.20.

(b) That an order be entered imposing an equitable lien upon the funds held by Susan Woodruff, in an identifiable amount of $40,205.00, which amount represents Central States' unreimbursed overpayments of pension benefits received by Susan Woodruff;

(c) That an order be entered imposing a constructive trust upon the funds held by Susan Woodruff, in an identifiable amount of $40,205.00, to enforce Central States' equitable lien;

(d) That an order be entered enjoining Susan Woodruff from disposing of any monies held in constructive trust for Central States and from comingling said monies with any of Susan Woodruff's other assets until reimbursement of Central States' equitable lien is made in full;

(e) That an order be entered requiring Susan Woodruff to reimburse Central States in an amount sufficient to satisfy Central States' equitable lien in the total amount of $40,205.00.

Respectfully submitted,

/s/ Rebecca K. McMahon
Rebecca K. McMahon
(ARDC #06290192)
CENTRAL STATES FUNDS
Law Department
8647 W. Higgins Road, 8th Floor
Chicago, IL 60631
(847) 939-2477
rmcmahon@centralstatesfunds.org

November 5, 2021       *COUNSEL FOR CENTRAL STATES*

## CERTIFICATE OF SERVICE

I, Rebecca K. McMahon, one of the attorneys for the Plaintiffs, hereby certify that on November 5, 2021, I caused the foregoing *Plaintiffs' Motion for Default Judgment* to be filed electronically. Said document was served electronically by the Court's CM/ECF system on all individuals listed on the electronic filing receipt. For all other parties, who are listed below, I served the foregoing Motion by mailing said Motion via UPS overnight mail (#1Z 395 1X9 01 9229 7543) to:

Susan Woodruff
4312 Fletcher Ave.
Indianapolis, IN 46203

Said Motion was deposited in the United States Mail at 8647 West Higgins Road, Chicago, Illinois, 60631, with proper prepaid postage affixed thereto, this 5th day of November, 2021.

Respectfully submitted,

 /s/ Rebecca K. McMahon
Rebecca K. McMahon
(ARDC #06290192)
CENTRAL STATES FUNDS
Law Department
8647 W. Higgins Road, 8th Floor
Chicago, IL  60631
(847) 939-2477
rmcmahon@centralstatesfunds.org

November 5, 2021                                             *COUNSEL FOR CENTRAL STATES*